UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**FILED**
SEP 2 3 2019 SB
AT 3:00 PM
WILLIAM T. WALSH
CLERK

UNITED STATES OF AMERICA : Hon.
:
: Criminal Number: 19CR668(JMV)
v. :
: 18 U.S.C. § 1343
RUSSELL STINNETT : 18 U.S.C. § 2
:

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNTS ONE THROUGH FIVE
(Wire Fraud)

#### Individuals and Entities

1.  At all times relevant to this Indictment:

    a.  Victim 1 was a real estate corporation that owned and franchised real estate brands and brokerages with headquarters in Madison, New Jersey. Victim 1 owned a franchise real estate company (the "Victim 1 Franchise") also with headquarters in Madison, New Jersey.

    b.  Defendant Russell Stinnett ("STINNETT") was a resident of Mt. Pleasant, South Carolina. He was a Regional Vice President in Franchise Development for the Victim 1 Franchise. As a Regional Vice President, STINNETT recruited real estate sales agents from other real estate companies to work for the Victim 1 Franchise.

c. Victim 1 paid STINNETT a bonus based on a percentage of Gross Commission Income ("GCI"), i.e., the total revenue of the sales agents that STINNETT recruited to work for the Victim 1 Franchise.

d. To claim his bonus payment, STINNETT submitted to Victim 1 a form (a "GCI Submission") or an email, using his business email account, that listed the names and sales volumes of STINNETT's recruits. These emails and GCI Submissions were submitted to Madison, New Jersey, where they were received and processed.

e. BrokerMetrics was an analytical tool that, among other things, tracked the value of sales for real estate brokers ("BrokerMetrics Data"), including brokers at the Victim 1 Franchise.

## The Scheme to Defraud

2. Beginning at least as early as in or around January 2017 through in or around April 2019, in Morris County, in the District of New Jersey and elsewhere, the defendant,

RUSSELL STINNETT,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud Victim 1 and the Victim 1 Franchise, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was in substance as set forth below.

2

## Goal of the Scheme to Defraud

3. The goal of the scheme was for STINNETT to enrich himself unlawfully by misrepresenting the sales value of real estate sold by agents that STINNETT recruited to work for the Victim 1 Franchise in order to fraudulently boost his own commission payouts from Victim 1.

## Manner and Means of the Scheme to Defraud

4. It was part of the scheme to defraud that:

a. STINNETT obtained BrokerMetrics Data and then falsified and inflated that data to increase the sales of the agents that he recruited to work for the Victim 1 Franchise;

b. STINNETT, using his business email account or a Victim 1 submission portal for GCI Submissions, sent the falsified BrokerMetrics Data to Victim 1. As a result, Victim 1 paid STINNETT commissions on sales that his recruits had not actually made; and

c. STINNETT's conduct resulted in more than approximately $1,000,000 in losses to Victim 1.

5. On or about the dates set forth below, for the purpose of executing and attempting to execute the scheme and artifice to defraud, in Morris County, in the District of New Jersey and elsewhere, the defendant,

RUSSELL STINNETT,

did knowingly and intentionally transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain

writings, signs, signals, pictures, and sounds, as set forth more fully below, each such wire transmission constituting a separate count of this Indictment:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | April 22, 2018 | STINNETT's GCI Submission, an interstate wire transmission received in New Jersey, claiming false real estate sales commissions, which resulted in approximately $29,190 in excess commissions to STINNETT. |
| 2 | May 24, 2018 | STINNETT's email, an interstate wire transmission received in New Jersey, claiming false real estate sales commissions, which resulted in approximately $2,989 in excess commissions to STINNETT. |
| 3 | July 24, 2018 | STINNETT's GCI Submission, an interstate wire transmission received in New Jersey, claiming false real estate sales commissions, which resulted in approximately $3,357 in excess commissions to STINNETT. |
| 4 | December 3, 2018 | STINNETT's email, an interstate wire transmission received in New Jersey, claiming false real estate sales commissions, which resulted, in connection with the December 31, 2018 wire, in approximately $26,239 in excess commissions to STINNETT. |
| 5 | December 31, 2018 | STINNETT's email, an interstate wire transmission received in New Jersey, claiming false real estate sales commissions, which resulted, in connection with the December 3, 2018 wire, in approximately $26,239 in excess commissions to STINNETT. |

In violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE ALLEGATION**

1. As the result of committing the offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in Counts One through Five of this Indictment, defendant RUSSELL STINNETT shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud offenses, and all property traceable thereto.

## Substitute Assets Provision

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

- (a) cannot be located upon the exercise of due diligence;
- (b) has been transferred or sold to, or deposited with, a third person;
- (c) has been placed beyond the jurisdiction of the Court;
- (d) has been substantially diminished in value; or
- (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A True Bill,

_____
CRAIG CARPENITO
United States Attorney

CASE NUMBER: _____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

RUSSELL STINNETT

## INDICTMENT FOR

18 U.S.C. § 1343
18 U.S.C. § 2

CRAIG CARPENITO
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

ARI B. FONTECCHIO
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 645-2745